Verlon McKAY, a wheelchair user, Joey Stovall, a wheelchair user, Lynn Edward Rogers, a wheelchair user, Richard Petty, a blind person, Louise Cremeen, a deaf person, Elizabeth C. Olson, an elderly person, Representatives of the Class of Disabled and Elderly Arkansas Voters, Plaintiffs,

v.

The COUNTY ELECTION COMMISSIONERS FOR PULASKI COUNTY, ARKANSAS, Saline County, Arkansas and Hot Spring County, Arkansas, for Themselves and as Representatives of the Class of all County Election Commissioners in the State of Arkansas, Jim Guy Tucker, Governor of the State of Arkansas and Chairperson of the State Board of Election Commissioners, W.J. "Bill" McCuen, Secretary of State for the State of Arkansas and the State Board of Election Commissioners, Defendants.

Civ. No. LR–C–93–558.

United States District Court,
E.D. Arkansas,
Western Division.

Nov. 29, 1994.

622

Peter A. Miller, Lynn Daniel Lisk, Peter A. Miller Law Firm, Little Rock, AR, for plaintiffs.

Angela S. Jegley, Atty. General's Office, Little Rock, AR, Richard A. Garrett, George D. Ellis, The Ellis Law Firm, Benton, AR, Larry D. Vaught, Pulaski County Mun. Court, Little Rock, AR, for defendants.

## *MEMORANDUM OPINION AND ORDER*

GEORGE HOWARD, Jr., District Judge.

Currently pending before the Court is plaintiffs' Motion for Class Certification of a class of plaintiffs defined as "all disabled and elderly Arkansas voters" and a class of defendants defined as "all county election commissioners for the state of Arkansas" pursu-

ant to Rule 23 of Federal Rules of Civil Procedure.

It is settled that in order for an action to be maintained as a class for both plaintiffs and defendants, Rule 23(a) imposes the responsibility on the movant to demonstrate the following:

(1) the class is so numerous that joinder of all members is impracticable;

(2) there are questions of law or fact common to the class;

(3) the claims or defenses of the representative parties are typical of the claims or defenses of the class;

(4) the representative parties will fairly and adequately protect the interests of the class.

In addition, one of the three conditions of Rule 23(b) must be met.[1]

After carefully considering the pleadings, testimony of the witnesses, argument of counsel, the memoranda submitted by the parties in support of their respective positions, as well as the Congressional findings and purposes motivating the enactment of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., and Arkansas' Disabled Voters—Special Procedures Act, Ark.Code Ann. § 7–5–311 (1993), the Court is persuaded that this action should be certified as a class action, as to both plaintiffs and defendants, conditionally. In the event it later appears that either class is not in fact so numerous as to make joinder impracticable, the Court will entertain a request to decertify that class.

The United States Congress made the following findings, among others, which moti-

1. The three relevant conditions of Rule 23(b) are:
    (1) the prosecution of separate actions by or against individual of the class would create a risk of
    (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or
    (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede ability to protect their interests; or

    (2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
    (3) the court finds that the questions of law or fact common to the members of the class predominate over any question affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. . . .

vated the enactment of the Americans with Disabilities Act:

> (1) some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;
>
> (2) historically, society has tended to isolate and segregate individuals with disabilities, and despite some improvements, such forms of discrimination against individuals with disabilities continue to be serious and pervasive social problem;
>
> (3) discrimination against individuals with disabilities persists in such critical areas as ... **voting, and access to public services** ....[2]

In addition, the Voting Accessibility for the Elderly and Handicapped Act at 42 U.S.C. § 1973ee–1(a) provides that "[w]ithin each State, ... each political subdivision responsible for conducting elections shall assure that all polling places for Federal elections are accessible to handicapped and elderly voters."

# I

## DEFENDANT CLASS

Inasmuch as defendants vigorously oppose the certification of a defendant class, the Court is persuaded that it is expedient to determine initially whether plaintiffs have established the requirements under Rule 23 for the certification of a defendant class.

### 1. Numerosity

■ Plaintiffs contend that the proposed defendant class would consist of the three county election commissioners that each of the seventy-five counties of the state of Arkansas is required, under Arkansas law, to select aggregating a total of two hundred twenty-five individuals. Defendants do not seriously contest this assertion. It is clear that joinder is impractical given the fact that the election commissioners are dispersed throughout the state. The Court is persuaded that plaintiffs have established numerosity.

### 2. Commonality

■ Plaintiffs in seeking to demonstrate questions of law or fact common to the proposed defendant class allege and have offered proof in support of the assertion that defendants have deprived the disabled persons who are qualified to vote in elections the opportunity to vote personally and secretly by failing to provide reasonable accommodations or assistance at polling places in order to overcome physical or mental impairments. Stated differently, defendants have failed to take affirmative steps to comply fully with both federal and state laws enacted to cope with problems confronting disabled voters in casting secret ballots because of physical or mental handicap. The conduct complained of is asserted against each defendant in the proposed class. The pertinent laws, both federal and state, are equally applicable to all of the proposed defendant class members. The Court is persuaded that the common questions of law or fact requirement is established.

### 3. Typicality

Defendants argue that each county election commission of the seventy-five counties in the state of Arkansas is independent re-

---

**2.** Arkansas' Disabled Voters—Special Procedures Act, Ark.Code Ann. § 7–5–311 (1993) provides, in part, as follows:

> (a) The county boards of election commissioners and the county committees of the respective political parties with respect to general, special, and primary elections under their several jurisdictions shall provide voting locations which are accessible to disabled voters and shall provide reasonable and adequate methods whereby disabled voters may personally and secretly execute their ballots at the polling places.
>
> (b) The State Board of Election Commissioners, after conferring with and obtaining the assistance of disabled persons or organizations of disabled citizens, shall promulgate rules and regulations for special procedures to be followed by election officials at voting precincts that will assist in accommodating voting by disabled voters. The regulations shall include, but are not limited to, the promulgation of the form of a special ballot ... electronic voting device, or the regular paper ballot, when requested by the disabled person, if suitable accommodations are not provided whereby voters may cast their votes in secret except by the use of the special ballot.

quiring, in essence, a separate defense of each county commission. This Court is of the view that given the fact both federal and state laws in question are equally applicable to the two hundred twenty-five commissioners, this argument is without merit. Moreover, administrative differences among the seventy-five county commissions are irrelevant to a defendant class member's procedural or substantive defenses to the viability of plaintiffs' claim. Indeed, defendants' argument may be relevant with regard to the remedy imposed to deal with the problems alleged. The Court is persuaded that the standard of typicality has been established.

### 4. Adequacy of Class Representation

■ Pulaski County, Saline County and Hot Spring County Election Commissioners are the only named defendants at this phase of these proceedings. These defendants, and particularly Pulaski County, strenuously object to their designation as class representatives. Pulaski County Election Commissioners contend that they recognize their obligations under both the federal and state laws and have taken steps to implement these measures throughout Pulaski County. Thus, Pulaski County asserts that it is unable to represent adequately those election commissioners throughout the state of Arkansas who either refuse to recognize their obligations or who have failed to take corrective measures.

After carefully considering the evidence offered by plaintiffs to demonstrate the existence of deficiencies in certain polling facilities in Pulaski County in accommodating disabled voters to execute secret and personal ballots, the Court is not convinced that Pulaski County is in full compliance with ADA or state laws enacted to implement ADA. For example, Dee Sharp, a witness for plaintiffs who is employed at Mainstream Living as an advocate for persons with disabilities, testified that during the general election on November 8, 1994, she personally visited two voting precincts in Pulaski County, Arkansas. At Willow House, she observed that the one space located in front of the building did not have a sign indicating it was accessible. Furthermore, when she requested a large print ballot, she was told that none existed.

Several issues on the ballot were in less than 4 point type and she was not offered the use of a magnifying glass.

At Crestwood Elementary School, Ms. Sharp noted that the main access to the building was not accessible to wheelchairs. She drove to the back of the building, and found a ramp leading to a door that was locked. Thus, there appeared to be no way for individuals in wheelchairs to enter the building. As at Willow House, Ms. Sharp was told that no large print ballots were available.

If the Pulaski County Election Commission were in compliance with ADA and other relevant measures, Pulaski County's argument would, indeed, be more persuasive. Given the fact that there are still some deficiencies in Pulaski County's program to implement ADA or provide reasonable accommodations for disabled voters who need assistance to the end that they may cast secret ballots, Pulaski County's argument is not convincing.

The Court must reject Pulaski County's argument that it could not adequately serve as a class representative because it has already recognized its obligation to disabled voters who need assistance to cast secret ballots and has taken steps to fulfill its obligations while other county commissioners have not done so. The Court would note that the steps taken by Pulaski County to comply with both federal and state laws in seeking to provide reasonable assistance to disabled voters, as well as Pulaski County's experience and knowledge with the issues and problems that the United States Congress and the State of Arkansas seek to remedy would, indeed, qualify Pulaski County to represent the defendants' class more so than any other class member. At this stage of the proceedings, the Court is convinced that Pulaski, Saline and Hot Spring County Election Commissions are adequate and appropriate class representatives of the proposed defendant class. However, the Court will afford leave to plaintiffs to designate additional representatives for defendant class during the merit phase of the proceedings.

### 5. Rule 23(b)

■ The Court is of the view that certification of the suggested class of defendants under Rule 23(b)(2) is appropriate inasmuch as plaintiffs are seeking declaratory and injunctive relief to require defendants to take affirmative steps to implement ADA and other relevant statutory provisions in order to afford relief to plaintiff class. *Redhail v. Zablocki,* 418 F.Supp. 1061 (E.D.Wis.1976), aff'd 434 U.S. 374, 98 S.Ct. 673, 54 L.Ed.2d 618 (1978).

The following defendant class is certified:

All seventy-five (75) county election commissioners for the state of Arkansas.

## II

## PLAINTIFF CLASS

### 1. Numerosity

■ Richard E. Petty of Pulaski County, Arkansas who suffered partial blindness from 1952 to 1988, and became totally blind in 1990 testified for plaintiffs. Mr. Petty has been involved both as administrator as well as a member in organizations endeavoring to develop programs and projects to assist disabled persons, on a statewide basis, in coping with physical disabilities. Mr. Petty opined, based on his personal experience, that there are in excess of 10,000 disabled citizens of voting age who are deprived of the opportunity to cast a secret ballot, during elections, due to the lack of reasonable accommodations at polling facilities that would be instrumental in enabling such voters in overcoming these physical restrictions. Defendants have not seriously challenged this testimony. The Court is of the view that plaintiffs have, indeed, identified a class too numerous for joinder.

### 2. Commonality

■ In seeking to demonstrate common questions of law or fact, plaintiffs offered testimony from several witnesses that county election commissions throughout Arkansas have failed to provide reasonable assistance to disabled voters thereby depriving them of the opportunity to cast personal and secret ballots as well as reasonable access to voting facilities. These deficiencies affect these voters in a general manner, thereby creating class issues as opposed to individual issues. The Court is of the view that the central question at this stage of these proceedings is not whether defendant class is actually ignoring its responsibility to the disabled voter who needs assistance as alleged, but whether there are common questions of law or fact involved. That is, the common questions of fact or law are, in substance, whether defendants have ignored their obligation to assist disabled voters who need help and whether defendants have deliberately closed their eyes to those duties imposed by both federal and state laws seeking to accord equal voting opportunities to all citizens irrespective of one's physical status. The Court is convinced that the requirement of commonality has been established by plaintiffs.

### 3. Typicality

The Court is persuaded that plaintiffs Verlon McKay, Joey Stovall, Richard Petty and Elizabeth C. Olson, the putative class representatives, have demonstrated that there are other members of the class who have similar grievances. The Court is convinced that the standard of typicality has been met.

### 4. Adequacy of Representation

After carefully reviewing the current record in this action, the demeanor of both plaintiffs and their counsel and overall objective that initiated this proceeding as well as events and circumstances that some, if not in fact all, plaintiffs were personally involved in, the Court is convinced that there are no conflicts of interest between the class representatives and the class members and that counsel for the class representatives are competent to conduct this proceeding in the best interest of all class members.

### 5. Rule 23(b)

■ As previously noted, plaintiffs are seeking declaratory and injunctive relief to compel the defendant class to establish reasonable accommodations during elections to assist physically disabled voters, throughout the state of Arkansas, in overcoming physical handicaps that inhibit such voters from casting secret ballots at polling facilities. Ac-

cordingly, the Court is persuaded that certification of plaintiff class as a Rule 23(b)(2) class is appropriate.

The following plaintiff class is, therefore, certified:

All disabled persons who are legally eligible to vote in elections in the State of Arkansas who because of physical impairments require reasonable accommodations or assistance to ensure that they may personally and secretly execute their ballots at the polling facility.

### III

### NOTICE

■ It is readily apparent that both plaintiff and defendant classes are extremely large and the duty or obligation to give notice to the members will impose a tremendous burden if directed to do so. The Court is of the view that notice is not compulsory under Rule 23(b)(2) in this class action. See, *Sosna v. Iowa,* 419 U.S. 393, 397 n. 4, 95 S.Ct. 553, 556, n. 4, 42 L.Ed.2d 532; *Frost v. Weinberger,* 515 F.2d 57, 65 (2d Cir.1975), cert. denied, 424 U.S. 958, 96 S.Ct. 1435, 47 L.Ed.2d 364 (1976). Accordingly, plaintiffs will not be directed to serve notice on plaintiff class members. However, notice must be served on all defendant class members in order to advise of the pendency of this proceeding in order to afford all defendants due process of law as well as an opportunity to be heard.

Accordingly, plaintiffs' motion to certify plaintiff and defendant classes (# 15) is granted and Pulaski County's motion to dismiss the motion for class certification (# 35) is denied. The defendants' oral motions to strike and the oral motions as to standing are also denied.

IT IS SO ORDERED.

